UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

METROPOLITAN LIFE INSURANCE COMPANY,

        Plaintiff,

v.

LISA SCHACHT and
MONTY G. SEAMON,

        Defendants.

Case No. 05-CV-1528
FJS/DEP

---

LISA A SCHACHT,

        Plaintiff,

v

METLIFE, INC. and
METROPOLITAN LIFE INSURANCE COMPANY,

        Defendants.

Case No. 05-CV-1616
FJS/DEP

---

## STIPULATION OF SETTLEMENT

WHEREAS, Metropolitan Life Insurance Company d/b/a MetLife, Inc. ("MetLife"), is a life insurance company organized and existing under the laws of the State of New York with a principal place of business in New York, New York; and

WHEREAS, Lisa A. Schacht ("Schacht") is an individual residing at 670 East Long Street, Stephenville, Texas; and

WHEREAS, Monty G. Seamon ("Seamon") is an individual residing in Richfield Springs, New York; and

WHEREAS, Monty J. Seamon ("Decedent") was an employee of Champion Enterprises, Inc. ("Champion") and was a participant in the Champion Enterprises, Inc. Medical & Hospitalization Insurance Plan (the "Plan"), which is regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). 29 U.S.C. §1001-1461I; and

WHEREAS, Champion is the Plan fiduciary; and

WHEREAS, group life insurance benefits payable under terms of the Plan, hereinafter "Plan Benefits", in the amount of $95,000 became payable on January 21, 2005 upon the death of Decedent; and

WHEREAS, Schacht has filed a claim for Plan Benefits based on a beneficiary designation, dated March 22, 2002; and

WHEREAS, Seamon has disputed the claim filed by Schacht and has requested that the Plan Benefits be paid to him, as Decedent's father; and

WHEREAS, there were questions of law and fact concerning the proper distribution and payment of the Plan Benefits that MetLife could not resolve without exposing itself to double or multiple liability; and

WHEREAS, MetLife commenced an action in the United States District Court held in and for the Northern District of New York (Case No.: 05-CV-1528) against Schacht and Seamon by filing a Complaint on December 7, 2005 (the "Interpleader Action"); and

WHEREAS, Schacht commenced an action in the Supreme Court of the State of New York for the County of Oneida, which action was removed to the United States District Court

held in and for the Northern District of New York (Case No. 05-CV-1616) by filing a Notice of Removal on December 29, 2005 (the "Schacht Action"); and

WHEREAS, MetLife, Schacht and Seamon, are hereinafter, collectively referred to as the "Parties";

NOW THEREFORE, in consideration of the mutual promises and covenants made by, between and among MetLife, Schacht and Seamon, individually and collectively, the Parties wish to enter into a stipulation and agreement so as to settle each and every issue raised in both the Interpleader Action and the Schacht Action, upon the following terms:

1. The Parties hereby acknowledge and stipulate that the United States District Court held in and for the Northern District of New York (hereinafter the "Court") has original jurisdiction of the claims raised in both the Interpleader Action and the Schacht Action pursuant to 28 U.S.C. Section 1331 and 1335.

2. The Parties hereby submit themselves to the jurisdiction of the Court.

3. The Parties agree to consolidation of the Interpleader Action and the Schacht Action, based on the common questions of law and the identity of the parties in each action, so as to permit resolution of all of the issues raised in both actions may be fully and finally settled;

4. The Defendants hereby stipulate and agree that the Plan Benefits, which are the subject of the Interpleader Action and the Schacht Action, which exist by and through the Plan, an employee welfare benefit plan regulated by Federal law, specifically ERISA, and in which the Decedent was a participant, together with any interest and accruals thereto, shall be paid as follows:

a.       $5,000.00 (Five Thousand and 00/100 Dollars) to Monty G. Seamon, payment to be made to "George F. Aney, Esq., as attorney for Monty G. Seamon"; and

b.       The balance of the Plan Benefits, including accrued interest, if any, to Lisa A. Schacht, payment to be made to "Michael A. Castle, Esq., as attorney for Lisa A. Schacht."

5.      Upon the payment by MetLife of the Plan Benefits in accordance with paragraph 4, above, MetLife, Champion and the Plan shall be forever released and discharged from any further liability or obligation to the Defendants, their successors and assigns, heirs, executors and administrators, by reason of said payment and said payment shall be made in full satisfaction of any and all claims or rights which may have been created in favor of any of the said Defendants under or pursuant to the terms and conditions of the Plan.

6.      By entering into the within Agreement, the Parties hereby resolve any and all issues, actions, claims or other matters which may exist between them, absolutely and forever.

7.      The within Stipulation of Settlement shall be binding upon each of the parties, their heirs, successors and assigns, absolutely and forever.

8.      The Parties desire that the within Stipulation of Settlement, and each of its terms and conditions, be incorporated into an Order of the Court so as to be fully binding upon them and to resolve the Intepleader Action and Schacht Action, with prejudice.

9.      MetLife hereby acknowledges that it was represented by the law firm of Hodgson Russ LLP, Catherine Grantier Cooley, Esq., of counsel, in the course of the Interpleader Action and the Schacht Action and in the negotiation of an entry into the within Stipulation;

10. Lisa A. Schacht hereby acknowledges that she was represented by Michael A. Castle, Esq. in the course of the Interpleader Action and the Schacht Action and in the negotiation of an entry into the within Stipulation.

11. Monty G. Seamon hereby acknowledges that he was represented by George F. Aney, Esq. in the course of the Interpleader Action and the Schacht Action and in the negotiation of an entry into the within Stipulation.

In witness whereof, the Parties set their hands and seals this ____ of April, 2006.

**METROPOLITAN LIFE INSURANCE COMPANY**

By:_____
Catherine Grantier Cooley,
as Attorney and Agent

_Lisa A. Schacht_ (signature)
Lisa A. Schacht

_Monty G Seamon_ (signature)
Monty G. Seamon

-5-

10. Lisa A. Schacht hereby acknowledges that she was represented by Michael A. Castle, Esq. in the course of the Interpleader Action and the Schacht Action and in the negotiation of an entry into the within Stipulation.

11. Monty G. Seamon hereby acknowledges that he was represented by George F. Aney, Esq. in the course of the Interpleader Action and the Schacht Action and in the negotiation of an entry into the within Stipulation.

In witness whereof, the Parties set their hands and seals this 24 of ~~April~~ May, 2006.

METROPOLITAN LIFE INSURANCE COMPANY

By: _____
Catherine Grantier Cooley,
as Attorney and Agent

_____
Lisa A. Schacht

_____
Monty G. Seamon

*Paragraph 3 is stricken as the Court finds consolidation to be unnecessary. This agreement shall be entered in both cases.*

-5-

SO ORDERED

_____
FREDERICK J. SCULLIN, JR.
SENIOR U.S. DISTRICT JUDGE
5/17/06